UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TAMEKIA BLAKNEY,

        Plaintiff,

v.

CAMDEN COUNTY,

        Defendant.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 16-cv-06808 (JBS-AMD)

**OPINION**

APPEARANCES

Tamekia Blakney
Plaintiff Pro Se
1094 South Common Road
Camden, NJ 08104

**SIMANDLE, Chief District Judge:**

I. <u>**INTRODUCTION**</u>

    Plaintiff Tamekia Blakney seeks to bring a civil rights complaint against Camden County ("County") and Camden County Jail ("CCJ") pursuant to 42 U.S.C. § 1983 for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1, at 1 ("Camden County") and § III(A) ("Camden County Jail").

    28 U.S.C. 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

1

who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under Section 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

For the reasons set forth below it is clear from the complaint that the claim arose more than two years before the complaint was filed. It is therefore barred by the two-year statute of limitations that governs claims of unconstitutional conduct under 42 U.S.C. § 1983. The Court will therefore dismiss the complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## II. **BACKGROUND**

Plaintiff's Complaint states in its entirety: "Sleep on floor under the toilet in 2008 and 2012." Complaint § III(C).

With respect to purported injuries in connection with these alleged events, Plaintiff states: "Back hurt laying [*sic*] on the floor" (*id*. § IV) in "Camden County Jail." *Id*. § III(A).

Plaintiff states that the alleged events giving rise to these claims occurred: "2008 and 2012." *Id*. § III(B).

Plaintiff requests no relief with respect to these claims. *Id*. § V ("none").

## III. **STANDARD OF REVIEW**

To survive *sua sponte* screening under 28 U.S.C. § 1915(e)(2) for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially

plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**IV. DISCUSSION**

Plaintiff asserts claims against the County and CCJ for allegedly unconstitutional conditions of confinement.

Plaintiff alleges Camden County is responsible for unconstitutional conditions of confinement in 2008 and 2012. Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

3

The allegedly unconstitutional conditions of confinement at CCJ would have been immediately apparent to Plaintiff at the time of her detention in 2008 and 2012; therefore, the statute of limitations for Plaintiff's claims expired in 2014 at the latest, well before this complaint was filed in 2016. Plaintiff has filed her lawsuit too late. Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of her cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing her claim, and there is nothing to indicate Plaintiff filed her claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

As it is clear from the face of the complaint that more than two years have passed since Plaintiff's claims accrued, the complaint is dismissed with prejudice, meaning she may not file an amended complaint concerning the events of 2008 and 2012. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

## V.   CONCLUSION

For the reasons stated above, the Complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.

**May 4, 2017**             **s/ Jerome B. Simandle**
Date                          JEROME B. SIMANDLE
                                 Chief U.S. District Judge